**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

SANTANDER CONSUMER USA,
INC.

          Plaintiff

v.

THE MASSACHUSETTS STATE POLICE
and GAETA TOWING SERVICES, INC.
          Defendants

_____

CIVIL ACTION NO.

## COMPLAINT

## INTRODUCTION

Plaintiff brings this action to remedy a deprivation of its long-settled and fundamental

rights to be free from unreasonable seizures and to due process of law under the United States

Constitution. It is beyond debate that the government cannot deprive Plaintiff (or anyone) of

property by unreasonable seizure and/or without first providing for notice and a hearing. Yet,

that is exactly what occurred here, and exactly what is sanctioned by an outdated, facially

unconstitutional Massachusetts State statute (Massachusetts G.L.c. 255, §39A), which does not

recognize a duly recorded lien which affects a purchase money security interest in a vehicle is a

constitutionally protected property right and which statute, in 2020, the Federal District Court

(Burroughs, J) held that said statute was unconstitutional. *American Honda Finance Corporation*

*v. City of Revere*, 471 F.Supp.3d 399 (2020). Here, the Massachusetts State Police seized, a

motor vehicle in which Plaintiff holds a duly perfected security interest and a lien without notice

or a hearing, thereby Plaintiff's lien and property interest. Plaintiff, therefore, brings this

declaratory judgment/civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation

of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

## PARTIES

1. Plaintiff Santander Consumer USA, Inc. ("SANTANDER") is an Illinois Corporation that has a usual place of business at 5201 Rufe Snow Dr. North Richland Hills, TX 76180  and the holder of the duly perfected and recorded lien and security interest in a 2019 KIA Forte vehicle identification number 3KPF24AD5KE005878 (the "Subject Vehicle"). SANTANDER's regular business includes providing financing for the purchase of vehicles.

2. Defendant, the Massachusetts State Police, Massachusetts (hereinafter "MSP") is an agency within the Executive Office of Public Safety and Security, an administrative branch of the government of the Commonwealth of Massachusetts and is located at 470 Worcester Road, Framingham, MA 01702.

3. Defendant, Gaeta Towing Services, Inc. (hereinafter "GAETA TOWING") is a Massachusetts corporation that has a usual place of business at 14 Newbury Street, Peabody, MA 01960.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983.

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action rises under the Constitution and laws of the United States.

6. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims and which have a common nucleus of operative fact.

7. Venue lies in the Court pursuant to 28 U.S.C. §1391.

## **FACTS COMMON TO ALL COUNTS**

8. On or about February 4, 2020, SANTANDER, pursuant to the RETAIL INSTALLMENT SALE CONTRACT dated February 4, 2020 obtained a purchase money security interest and lien in the Subject Vehicle.  A true copy of the RETAIL INSTALLMENT SALE CONTRACT is annexed hereto and marked Exhibit "A."  As of April 22, 2021, SANTANDER's lien is in the amount of $25,746.43.  No payments have been made on the account subsequent to April 22, 2021.

9. On March 2, 2020 the Subject Vehicle was officially titled in the State of New Hampshire with Stewart Damien Laron (a/k/a Damien Laron Stewart) recorded as the owner and SANTANDER  recorded as the  first priority lienholder. A true copy of the title is annexed hereto and marked Exhibit "B."

10. On or about July 9, 2020, the MSP took possession and custody of the Subject Vehicle pursuant to MSP's police officers acting in the course of their duties as law enforcement officers.

11. On or about July 9, 2020, the MSP, acting in the cause of their duties as law enforcement officers, and pursuant to laws enacted to further official state interests, directed GAETA TOWING to tow and detain the Subject Vehicle.

12. On or about July 9, 2020, GAETA TOWING towed the Subject Vehicle and retained the Subject Vehicle on behalf of the MSP.

13. MSP did not notify SANTANDER that the Subject Vehicle had been seized.

14. MSP have not returned the Subject Vehicle to SANTANDER or anyone else. Instead, MSP authorized its agent, GAETA TOWING to detain and dispose of the vehicle pursuant to Massachusetts G.L.c. 255, §39A.

15. MSP did not notify SANTANDER that MSP authorized GAETA TOWING to detain and dispose of the Subject Vehicle.

16. MSP did not ensure that its agent, GAETA TOWING notified SANTANDER that MSP had authorized detention and disposal of the Subject Vehicle.

17. MSP's use of GAETA TOWING to accomplish its law enforcement objective of towing and storing the Subject Vehicle was consistent with and/or part of  MSP's regular practice for taking custody of an unregistered vehicle.

18. MSP's authorization of GAETA TOWING to detain and dispose of the Subject Vehicle was consistent with and/or part of MSP's regular practice for detaining and disposing of a vehicle following the seizure thereof pursuant to its police powers.

19. MSP has no procedure for providing notice at any time to the holder of a security interest or lien in a vehicle that a subject vehicle has been seized.

20. MSP has no procedure for affording the holder of a security interest or lien in a Vehicle the opportunity to be heard either before or after the time when MSP authorizes seizure, detention and disposal of a vehicle which was taken into custody by MSP.

21. On or about March 25, 2021, GAETA TOWING contacted SANTANDER, advised that it had possession of the Subject Vehicle, asserted that it held a lien on the Subject Vehicle in the amount of $10,771.00, and that it would not release the Subject Vehicle to SANTANDER unless it receives satisfaction of its purported lien.

22. During the discussion, which occurred on or about March 25, 2021, between GAETA TOWING  and SANTANDER, GAETA TOWING stated to SANTANDER that GAETA TOWING'S purported lien, as of March 25, 2021, was  in the amount  $10,771.00  and  was comprised of the following five (5) elements: i) a storage charge of $10,500.00 (calculated at

$35.00 dollars per day for 300 days); ii) a tow charge of $108.00; iii) a "gate fee" charge of $108.00; iv) an "admin charge" of $50.00 and v) a "mileage/fuel" charge of $5.00.

23. The NADA Official Used Car Guide Automated Vehicle Valuation dated April 8, 2021, provides that the base trade value of the Vehicle is $12,400.00.

## COUNT I

**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983
(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

24. SANTANDER realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

25. MSP summarily deprived SANTANDER of its rights in the Subject Vehicle when MSP seized the Subject Vehicle pursuant to its police powers, detained it without notice to SANTANDER and without a warrant or exception to the warrant requirement and then disposed of it pursuant to without notice to SANTANDER and without affording SANTANDER the opportunity for a hearing with respect for the legitimacy of these actions, either before or after their occurrence.

26. Massachusetts G.L.c. 255, §39A effectuates the Commonwealth's interest in enforcing traffic laws and in protecting the public from hazardous street conditions. The statute provides a means for the state to compensate private parties who assist the state by towing and storing vehicles at the direction of police. The statute has, however, fallen out of step with modern developments in constitutional law which confirm that a duly perfected security interest and lien in a vehicle is a constitutionally protected property right.

27. Massachusetts G.L.c. 255, §39A has been held to be unconstitutional (*American Honda Finance Corporation v. City of Revere*, 471 F.Supp.3d 399 (2020)) on its face because it fails to require that the holder of a duly perfected security interest and lien in a vehicle is entitled

to notice and an opportunity to protect its rights, and the statute therefore authorizes a seizure and detention without a warrant or exception to the warrant requirement, as well as the sale and concomitant destruction of the property interests of the secured party holding a recorded lien against the affected vehicle (by extinguishment of the lien) without any notice to such lienholder or any opportunity to be heard.

28. The summary deprivation of SANTANDER's interest occurred in furtherance of MSP's standard practices for taking custody of vehicles as part of MSP'S standard practice for detaining and disposing of vehicles.

29. MSP violated SANTANDER's rights to Procedural Due Process because MSP has no procedure whereby a person with a security interest or lien in a seized vehicle is afforded the opportunity for a hearing before an impartial decision-maker with adequate notice, whereat the interested person can protect its interest by challenging the seizure, detention or disposal of the impacted vehicle.

30. MSP violated SANTANDER's rights to be free from unreasonable seizures and to Procedural Due Process when it failed to give SANTANDER any notice of the seizure and detention of the Subject Vehicle and by failing to provide SANTANDER with constitutionally adequate notice of procedures for the recovery of the Subject Vehicle or protection of property interests in the Subject Vehicle.

31. Prior to MSP's involvement with the Subject Vehicle SANTANDER held the duly recorded lien and perfected security interest in the Subject Vehicle.

32. SANTANDER has the right to have its lien remain recorded on the Subject Vehicle title and the immediate right to take possession of the Subject Vehicle pursuant to the terms of SANTANDER's security interest.

33. MSP acted under color of state law to deprive SANTANDER of valuable property interests in the Subject Vehicle in the following ways:

a. MSP did not at any time notify SANTANDER that MSP had seized, detained or intended to dispose of the Subject Vehicle;

b. MSP imposed de facto a lien on the Subject Vehicle for towing and storage fees; and,

c. MSP detained the Subject Vehicle without timely providing any notice of procedures whereby SANTANDER could protect its lien interest from loss and/or protect the value of its property interest in the Subject Vehicle from loss;

34. MSP's conduct in causing such deprivations violated SANTANDER's right to Due Process under the Fourteenth Amendment of the United States Constitution because:

a. MSP has no procedure whereby SANTANDER (or any person with a security interest in a seized vehicle) could have been afforded the opportunity for a hearing before an impartial decision-maker, with adequate notice, whereat SANTANDER or any other lienholder could protect its interest by challenging the deprivation of property or by recovering the impacted vehicle; and,

b. MSP has no procedure for notifying SANTANDER (or any person with a security interest in a seized vehicle) of methods which could be utilized to recover the impacted vehicle or protects its lien therein from loss or impairment.

35. MSP's conduct in seizing the Subject Vehicle without providing any postseizure notice to SANTANDER of the initial seizure and in detaining the Subject Vehicle without any timely notice to SANTANDER, violated SANTANDER's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution because seizure without

any post-seizure notice is unreasonable and once the MSP had no warrant allowing detention of

the Subject Vehicle and no exception to the prohibition against warrantless seizures applied.

36. MSP knew or should have known that it was unlawful and unconstitutional to

deny possession, seize and detain without warrant or exception to the warrant requirement, and

assert a lien for towing and storage fees, sell the vehicle, extinguish SANTANDER's lien and

keep the proceeds, where notice and a hearing upon the validity of such deprivations had not

been afforded to SANTANDER, a person with duly perfected and recorded property interests in

the Subject Vehicle.

37. As a direct and proximate result of MSP's violation of SANTANDER's rights under

the Fourth and Fourteenth Amendments to the United States Constitution SANTANDER has

suffered general and special monetary damages based upon the lost value of the Subject Vehicle,

the income stream due to SANTANDER relative thereto and is entitled to relief under 42 U.S.C.

§1983 and 42 U.S.C. 1988.

38. The conduct of MSP in not seeking to have a prompt impartial review of its

seizure, detention, lien creation, was consistent with and part of the standard procedure and

policy utilized by MSP for vehicles that it seizes.

39. The conduct of MSP in not notifying SANTANDER of MSP's actions relative to the

Subject Vehicle is consistent with and part of the standard procedure and policy utilized by MSP

for vehicles it seizes..

40. MSP does not maintain any procedural mechanism for providing a notice of

seizure to lienholders after a vehicle is seized.

41. MSP does not maintain any procedural mechanism for providing hearings to

parties holding security interests or liens in such seized vehicles.

42. The failure by official MSP policy makers to properly train or supervise

subordinates regarding the constitutional requirements due in conjunction with the seizure, detention and assertion of charges and liens against vehicles, and extinguishment or impairment of liens therein is contrary to well-settled constitutional law and MSP policy makers' failure to train or supervise subordinates in the face of this law amounts to deliberate indifference to the rights of persons who have security interests or liens in vehicles that are seized, detained, subjected to charges and liened by and sold under the authority of MSP.

43. But for MSP's deprivational policy, decisions, practices and failures above described, SANTANDER would have had the right to recover and would have recovered the Subject Vehicle without delay or with minimal delay by reason of measures that preserve legitimate interests but are less intrusive than continued detention or disposal of the vehicle, and extinguishment of SANTANDER's lien, without incurring liability for or loss due to towing and storage charges impressed ex parte, and without incurring liability for or loss due to further storage charges continually accruing daily, and without loss by extinguishment of its lien in the Subject Vehicle.

## COUNT II

**Violation of Massachusetts Constitution Article 10**
**(Deprivation of Property Without Due Process of Law) and Violation of Massachusetts**
**Constitution, Article 14 (Prohibition Against Unreasonable Seizures)**

44. SANTANDER realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

45. MSP's violations of the Fourteenth Amendment to the U.S. Constitution as aforesaid constitute violations under Massachusetts Constitution, Article 10.

46. MSP's violations of the Fourth Amendment to the U.S. Constitution aforesaid constitute violations under Massachusetts Constitution, Article 14.

## COUNT III
**Declaratory Relief**

47. SANTANDER realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

48. An actual controversy has arisen and now exists between SANTANDER and MSP warranting declaratory relief pursuant to 28 U.S.C. 2201.

49. SANTANDER seeks a declaration that MSP's conduct as detailed herein violated SANTANDER's rights to be free from unreasonable seizures and Due Process under the Constitutions of the United States and Massachusetts.

50. SANTANDER seeks a declaration that MSP is liable to SANTANDER pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for all damages and attorney's fees suffered and incurred by SANTANDER.

51. SANTANDER seeks a declaration that Massachusetts G.L.c. 255, §39A is unconstitutional in that it authorizes an unreasonable seizure without warrant or exception to the warrant requirement and deprivation of the property rights of a party holding a security interest and lien in a vehicle without any notice to the secured party/lienholder and without any hearing before a neutral decision maker.

52. The towing, seizure and detention and sale of motor vehicles, and extinguishment of and/or impairment of liens therein when carried out in accordance with Section 39A's provisions, deprives affected vehicle owners and lienholders of property in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Articles 10 and 14 of the Massachusetts Constitution.

53. Section 39A allows an unreasonable warrantless seizure and does not grant an affected owner or lienholder the right to a hearing with respect to the legitimacy of these acts,

either before or after their occurrence. Nor does any other provision of Massachusetts law. SANTANDER seeks a declaration that Section 39A is so grossly and flagrantly unconstitutional, in that it fails to recognize that a duly perfected security interest and lien in a vehicle is a constitutionally protected property right, that any person of reasonable prudence would be bound to see this flaw.

54. SANTANDER seeks a declaration that MSP's conduct constituting the deprivations described herein was null and void ab initio.

## COUNT IV
### Conversion under Massachusetts Common Law

55. SANTANDER realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

56. MSP exercised unlawful dominion and control of the Subject Vehicle to the exclusion of SANTANDER's rights when it authorized and participated in the creation of a lien for towing and storage fees for the Subject Vehicle which supposedly took priority over SANTANDER's lien without notice to SANTANDER.

57. MSP exercised unlawful dominion and control over the Subject Vehicle to the exclusion of SANTANDER's rights when MSP seized and detained the Subject Vehicle without notice to SANTANDER.

58. GAETA TOWING exercised unlawful dominion and control over the Subject Vehicle when it refused to release the Subject Vehicle without payment of its purported lien from Santander.

59. MSP's acts of conversion as indicated caused SANTANDER actual damages, as well as attorney's fees.

## PRAYERS FOR RELIEF

WHEREFORE, SANTANDER requests that this Court:

a. Grant judgment in favor of SANTANDER and against MSP on all causes of
action asserted herein;

b. Declare that MSP violated SANTANDER's rights to be free from
unreasonable searches and Due Process under the United States and
Massachusetts Constitutions;

c. Declare that Massachusetts G.L.c. 255, §39A is unconstitutional in that it
fails to recognize that a duly perfect and recorded security interest and lien in
a vehicle is a constitutionally protected property right in violation of the
Fourth and Fourteenth Amendments to the United State Constitution; in I
d. Award SANTANDER nominal damages and actual damages;

e. Award SANTANDER the cost of prosecuting this action together with attorney's
fees pursuant to 42 U.S.C. §1988;

f. Declare a permanent injunction against MSP prohibiting the above described
unconstitutional practices;

g. Order that the Defendants, their  agents, servants, attorneys, nominees and assignees be
restrained from causing or permitting the stripping, impairment, sale, transfer,
assignment, encumbering, removal, concealment or any other disposition of the  Subject
Vehicle  pending further order of this Court;

h. Order that the Defendants be ordered: (a) to identify the location of  the Subject
Vehicle's chassis and accessories; (b) to deliver Subject Vehicle and accessories
forthwith to the Plaintiff; and, (c) to refrain from interfering in any way with the Plaintiff,
its agents, representatives and/or process servers entry upon property owned or leased by
the Defendants, or any location where the Subject Vehicle is being held, for the purpose
of obtaining and securing possession of said Vehicle and accessories and removing same
from said Subject Vehicle;

i. Declare that the Plaintiff has a valid and perfected security interest in said Subject
Vehicle  accessories and that an appropriate judgment be entered for the enforcement of
the Plaintiff's rights as a secured creditor thereof; and,

j. Award such other and different relief that the Court, in the exercise of its
discretion, deems just and proper.

SANTANDER CONSUMER USA, INC.
By its Attorneys,

Dated: May 17, 2021

/s/ Richard L. Blumenthal
Richard L. Blumenthal, Esq. (BBO 047150)
Law Offices of Richard L. Blumenthal
343 Washington St, Suite 200
Newton, MA 02458
Tel: 617-527-1150
RichardLBlumnethal@gmail.com